# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JOHN DOE #13 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00831 |
| ) | |
| WILLIAM LEE, Governor of the State ) | |
| of Tennessee, in his official capacity; and ) | Judge Campbell |
| DAVID B. RAUSCH, Director of the ) | |
| Tennessee Bureau of Investigation, in his ) | |
| official capacity. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants, Governor William B. Lee and Director of the Tennessee Bureau of Investigation ("TBI") David B. Rausch, in their official capacities, respond as follows to the Complaint for Declaratory and Injunctive Relief. (D.E. 1). Defendants deny all allegations, including allegations contained in the Complaint's headings and subheadings, unless expressly admitted below.

## INTRODUCTION

1. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

2. Admit.

3. Admit.

4. Defendants deny the allegations in the first sentence of this paragraph. Defendants admit the allegations in second sentence of this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law. Defendants deny the allegations in the third and fourth sentences of this paragraph. Defendants admit the statements of law in the fifth and sixth sentences to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

5. Deny.

6. Admit.

## JURISDICTION AND VENUE

7. The Defendants admit that Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983. The Defendants deny that Plaintiff states a claim upon which relief can be granted.

8. Admit.

9. Admit.

## PARTIES

### *Plaintiff*

10. Admit.

### *Defendant Lee*

11. Admit.

12. Defendants deny that Governor Lee is responsible for enforcing the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("the Act"), Tenn. Code Ann. §§ 40-39-201 to -218. Defendants admit the statements of

law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

13. Deny.

### *Defendant Rausch*

14. Admit.

15. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

16. Admit.

## FACTS

### A. *Tennessee's Sex Offender Registry Law*

17. Admit.

18. Admit.

### B. *Plaintiff's Offense and Conviction*

19. Defendants admit Plaintiff pled guilty to possession and dissemination of child pornography in 1998. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

20. Defendants admit that Plaintiff was sentenced to four years in prison. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### C. *Reporting Obligations*

3

22. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

23. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

24. Deny.

25. Deny.

26. Defendants admit Plaintiff is classified as a "violent sexual offender" who must register and report for life. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

27. Deny.

28. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

29. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

30. Deny.

31. Defendants deny the allegations in the first sentence. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### D. *Housing*

32. Defendants deny the allegations in the first sentence. Defendants admit the statements of law in the second sentence to the extent they are accurate characterizations of the

4

law and deny any statements that inaccurately describe the law. Defendants deny the remaining allegations in this paragraph.

### E. *Employment*

33. Defendants deny the allegations in the first sentence of this paragraph. Defendants admit the allegations in second sentence of this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### F. *Family Relationships*

34. Defendants deny the allegations in the first sentence of this paragraph. Defendants admit the remaining statements of law in the paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### G. *Educational Opportunities*

36. Defendants deny the allegations in the first sentence of this paragraph. Defendants admit the statements of law in the second and third sentences to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law. In the fourth sentence, Defendants deny Plaintiff is automatically stigmatized if he seeks higher education, and Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this sentence.

### H. *Travel*

37. Defendants deny the allegations in the first sentence of this paragraph. Defendants admit the statements of law in the second and third sentences to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law. Defendants deny the remaining allegations in this paragraph.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41. Defendants deny the allegations in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### I. *Speech*

42. Defendants deny the allegations in the first sentence. Defendants admit the statements of law in the second sentence to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

43. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

44. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law. Defendants deny the remaining allegations

### J. *Recreation*

45. Defendants deny the allegations in the first sentence. Defendants admit the statements of law in the first sentence to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### K. *Stigmatization*

47. Deny.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. Defendants deny the allegations in the second sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

49. Deny.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### L. *The Act Compared to Parole*

52. Deny.

53. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58. Defendants deny the allegations in the first sentence of this paragraph. Defendants deny that the Act's requirements are arbitrary. Defendants admit the remaining statements of law in this paragraph to the extent they are accurate characterizations of the law but deny any statements that inaccurately describe the law.

59. Deny

### M. *Vagueness, Strict Liability, and Impossibility of Compliance*

60. Deny.

61. Defendants deny that the reporting requirements of the Act are vague. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

62. Defendants admit the statements of law in the first sentence to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

63. Defendants deny the allegations in the first sentence. Defendants admit the statements of law in the second sentence to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

64. Defendants admit the statements of law in the first sentence to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law. Defendants deny the allegations in the second sentence.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

66. Defendants admit the statements of law in the first sentence to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. Defendants deny the remaining allegations in this paragraph.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

68. Deny.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

### N. *Consequences beyond the Act*

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### O. *Irreparable Harm*

73. Deny.

### CLAIM FOR RELIEF

74. Defendants admit that Plaintiff incorporates the preceding paragraphs of the Complaint by reference. Defendants also incorporate the preceding paragraphs of their Answer by reference.

75. Defendants admit the statements of law in this paragraph to the extent they are accurate characterizations of the law and deny any statements that inaccurately describe the law.

76. Deny.

77. Deny.

78. Deny.

### REQUEST FOR RELIEF

1. Defendants deny that Plaintiff is entitled to judgment and the requested declaratory relief.

2. Defendants deny that Plaintiff is entitled to judgment the requested injunctive relief.

3. Defendants deny that Plaintiff is entitled to the requested judgment, costs, or attorney fees.

4. Defendants deny that Plaintiff is entitled to any relief.

## ADDITIONAL DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. The Governor is not a proper party to this complaint.

3. Defendants reserve the right to amend this Answer or to add any additional defenses that may become apparent in the investigation of this claim, discovery process, or trial of this matter.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Cody N. Brandon*
CODY N. BRANDON (#037504)
Assistant Attorney General
Law Enforcement and Special
Prosecutions Division
Office of the Tennessee
Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 521-0417
Fax: (615) 532-4892
Cody.Brandon@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 14th day of November 2022, upon:

Edward M. Yarbrough
Jonathan P. Farmer
W. Justin Adams
511 Union Street, Suite 1000
Nashville, Tennessee 37219

/s/ *Cody N. Brandon*
CODY N. BRANDON