IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE #13,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM B. LEE, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00831<br><br>Judge Campbell<br><br>Magistrate Judge Frensley |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO EXTEND STAY OF PROCEEDINGS**

Plaintiff submits this memorandum in support of his motion to extend the stay of these proceedings pending a ruling by Judge Trauger on the scope of modified injunctive relief in *Does #1–8 v. Lee*, Case No. 3:21-cv-590 ("*Does #1–8*).

**FACTS**

Plaintiff filed suit in 2022 seeking injunctive relief prohibiting Defendants from enforcing the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, Tenn. Code Ann. §§ 40-39-201–40-39-218 (the "Act") in violation of the Ex Post Facto Clause. Defendants withdrew their opposition to Plaintiff's motion for a preliminary injunction on April 4, 2023, Doc. 25, and this Court granted a preliminary injunction on May 11, 2023, Doc. 29. On May 11, 2023, this Court granted the parties' joint motion for an administrative stay pending the Sixth Circuit's decision on Defendants' appeal in Does #1–8 v. Lee. Doc. 30.

The Sixth Circuit issued its decision in *Does #1–8* on May 15, 2024, denied the appellees' petition for rehearing *en banc* on August 13, 2024, and issued its mandate on August 21, 2024. *See Does #1–8 v. Lee*, 102 F.4th 330 (6th Cir. 2024). On August 28, 2024, Judge Trauger entered an order in *Does #1–8* explaining how the Court would implement the Sixth Circuit's decision. *See*

Case No. 3:21-cv-590, Doc. 151 (copy attached). Judge Trauger held that Governor Lee would be dismissed as a defendant, as instructed by the Sixth Circuit[1]; that the plaintiffs remained entitled to summary judgment against Director Rausch because "he, through the registry, has routinely transmitted to law enforcement information that he reasonably and actually knew would result in officials' treating the plaintiffs as subject…to at least one retroactive, punitive requirement" of the Act; and that she would determine the scope of injunctive relief against Director Rausch after further briefing by the parties. *Id.* at PageID #2831, 2835–2837.

Judge Trauger ordered the parties to prepare a "joint, numbered Master List of all requirements associated with the Tennessee sexual offender registry" and then submit briefs in which the parties "will be required to take express positions with regard to every requirement and restriction imposed by Tennessee's sexual offender registry statutes and corresponding rules" stating whether those provisions are constitutional under the Sixth Circuit's decisions in *Cutshall v. Sundquist*, 193 F.3d 466 (6th Cir. 1999), *Doe v. Bredesen*, 507 F.3d 998 (6th Cir. 2007), and *Does #1–5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016). *Id.* at PageID #2835, 2838. The master list is now due November 1, 2024, and the parties' briefs are due twenty-one days from that date. *See* Case No. 3:21-cv-590, Docs. 151, 154.

**ARGUMENT**

This Court has inherent authority to exercise its discretion to stay proceedings. *See Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936). That inherent authority includes the power to "control their dockets in promoting economies of time and effort for the court, the parties, and parties' counsel," *Jordan v. City of Detroit,* 557 Fed. Appx. 450, 456–457 (6th Cir. 2014) (cleaned up), and

---

[1] Consistent with the Sixth Circuit's decision in *Does #1–8*, Plaintiff is voluntarily dismissing his claims against Governor Lee.

to "conserve judicial resources and avoid duplicative litigation," *EMW Women's Surgical Ctr., P.S.C. v. Friedlander,* 960 F.3d 785, 820 (6th Cir. 2020) (Bush, J., dissenting).

Extending the stay of this case pending Judge Trauger's decision on the scope of modified injunctive relief in *Does #1–8* will promote judicial economy. The Sixth Circuit held that "[t]he only injunction potentially warranted against [Director Rausch]…would be a limited one prohibiting him from exercising his limited record-keeping powers under Tennessee law in a way that violates Plaintiffs' rights under our Ex Post Facto Clause analysis." *Does #1–8 v. Lee*, 102 F.4th at 341–342. Making that determination will require the Court to analyze each requirement or restriction imposed by the Act to determine whether it violates the Ex Post Facto Clause and determine the extent to which Director Rausch, through his record-keeping powers under the Act, causes Plaintiff to be subject to enforcement of that provision.

Judge Trauger is already making that provision-by-provision analysis in *Does #1–8* and, based on that analysis, will devise injunctive relief that requires Director Rausch to "ensure that law enforcement or other officials who access the plaintiffs' registrations…will be placed on notice regarding which restrictions can and cannot be enforced against the plaintiffs." Case No. 3:21-cv-590, Docs. 151 at PageID #2837. Devising that relief will require Director Rausch to "file declarations and/or evidence" establishing how the Tennessee Bureau of Investigation can accomplish that task. *Id.*

While this Court must make its own independent determination of what injunctive relief is available against Director Rausch, it does not have to do so in a vacuum. Director Rausch's declarations and other evidence in *Does #1–8*, and Judge Trauger's findings based on the evidence, will likely be relevant to this Court's determination in this case. Furthermore, the Court can consider

Judge Trauger's detailed provision-by-provision analysis of the Act in making its own determination and, to the extent it finds it persuasive, save itself substantial time and effort. Thus, extending the stay of this case pending Judge Trauger's decision on the scope of modified injunctive relief in *Does #1–8* will promote judicial economy.

## CONCLUSION

For these reasons, Plaintiff requests the Court to extend the stay of these proceedings pending a ruling by Judge Trauger on the scope of modified injunctive relief in *Does #1–8* and to grant any other necessary or proper relief.

Dated: September 20, 2024.

Respectfully submitted:

/s/ W. Justin Adams
Edward M. Yarbrough (TN BPR # 004097)
Jonathan P. Farmer (TN BPR # 020749)
W. Justin Adams (TN BPR # 022433)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
Telephone: 615-238-6300
eyarbrough@spencerfane.com
jfarmer@spencerfane.com
wjadams@spencerfane.com

Plaintiff's Counsel

# CERTIFICATE OF SERVICE

I certify that on September 20, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by email:

Elizabeth Evan, Esq.
David Wickenheiser, Esq.
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Liz.Evan@ag.tn.gov
David.Wickenheiser@ag.tn.gov

Counsel for Defendants

/s/W. Justin Adams
W. Justin Adams