IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN DOE #13, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00831 |
| ) | |
| DAVID B. RAUSCH, Director of the ) | Judge Campbell |
| Tennessee Bureau of Investigation, ) | |
| in his official capacity, ) | Magistrate Judge Frensley |
| ) | |
| Defendant. ) | |

# DEFENDANT'S RESPONSE IN OPPOSITION TO
DOE'S MOTION TO EXTEND STAY

## TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

ARGUMENT................................................................................................................................1

    I.      The Court cannot properly stay this case just to extend unlawful preliminary relief. ..................................................................................................................................1

    II.     No one knows when, or how, the *Does #1-9* case will end. ..........................................2

    III.    The proper considerations do not support a stay..............................................................6

CONCLUSION..............................................................................................................................7

# TABLE OF AUTHORITIES

## CASES

*D.H. ex rel. A.H. v. Williamson Cnty. Bd. of Educ.*,
  No. 3:22-cv-570, 2024 WL 4046581 (M.D. Tenn. Sept. 2, 2024) ............................................3

*Baatz v. Columbia Gas Transmission, LLC*,
  814 F.3d 785 (6th Cir. 2016) ...............................................................................................3

*Camreta v. Greene*,
  563 U.S. 692 (2011)..............................................................................................................6

*Cutshall v. Sundquist*,
  193 F.3d 466 (6th Cir. 1999) ...............................................................................................4

*Darrah v. City of Oak Park*,
  255 F.3d 301 (6th Cir. 2001) ...............................................................................................4

*Doe v. Bredesen*,
  507 F.3d 998 (6th Cir. 2007) ...............................................................................................4

*Doe v. Lee* (*Does II*),
  102 F.4th 330 (6th Cir. 2024) ...............................................................................1, 3, 4, 5

*Green Genie, Inc. v. City of Detroit*,
  63 F.4th 521 (6th Cir. 2023) ...............................................................................................6

*Hahn v. Star Bank*,
  190 F.3d 708 (6th Cir. 1999) ...............................................................................................6

*Hardaway v. Lee*,
  No. 3:22-cv-395, 2023 WL 2749369 (M.D. Tenn. Mar. 31, 2023)..........................................2

*Int'l Bhd. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys.*,
  879 F.2d 864, 1989 WL 78212 (6th Cir. 1989) .....................................................................6

*Jewell v. Davies*,
  192 F.2d 670 (6th Cir. 1951) ...............................................................................................2

*Sterling Hotels, LLC v. McKay*,
  71 F.4th 463 (6th Cir. 2023) ...............................................................................................2

*Transmatic, Inc. v. Gulton Indus., Inc.*,
  601 F.2d 904 (6th Cir. 1979) ............................................................................................2, 6

*U.S. Philips Corp. v. KBC Bank N.V.*,
  590 F.3d 1091 (9th Cir. 2010) .............................................................................................3

*United States v. Zheng*,
 87 F.4th 336 (6th Cir. 2023) ..........................................................................................................6

*L.W. ex rel. Williams v. Skrmetti*,
 83 F.4th 460 (6th Cir. 2023), *cert. granted sub nom. United States v. Skrmetti*,
 144 S. Ct. 2679 (2024).................................................................................................................6

**INTRODUCTION**

Plaintiff John Doe "13" should not have filed this lawsuit if he did not intend to litigate it. Yet for reasons as improper as they are obvious, he now wants a stay of all proceedings while he continues to enjoy exemption from Tennessee law—on-point and binding precedent notwithstanding. Stay Motion, D.40 at 288; *see also* Dissolution Brief, D.42 (discussing *Doe v. Lee* (*Does II*), 102 F.4th 330 (6th Cir. 2024)).[1] But this Court's power to stay proceedings should only be employed to serve judicial economy, not to extend substantive relief to either party. The Court should thus deny the motion to stay, if not outright then at least until it resolves the pressing issue of preliminary relief.

**ARGUMENT**

The Court has no basis for a stay while the motion to dissolve preliminary relief remains pending. As the parties appear to agree, this Court has "'inherent power . . . to stay proceedings'" for "the recognized purposes . . . of . . . 'conserv[ing] judicial resources.'" Stay Brief, D.40 at 287 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). But Doe's motion does not focus on judicial economy. Instead, it (1) aims to preserve outmoded preliminary relief, and (2) seeks delay pending further developments in the law. None of those tactics can justify a stay, and the appropriate considerations cut against one.

**I.     The Court cannot properly stay this case just to extend unlawful preliminary relief.**

The first problem with Doe's motion is that it appears calculated to extend preliminary relief. Indeed, it appears Doe wants that this court to parrot the scope of injunctive relief found by a different judge with different plaintiffs and a different procedural posture. D.40 at 286–89. But Director Rausch has fully explained the sound reasons for dissolving the preliminary injunctions.

---

[1] Pincites to docket materials reference the PageID numbers in the ECF file stamps.

1

*See* Dissolution Brief, D.42. Doe has the right to respond to those reasons in due course, LR 7.01(a)(3), but he cannot simply seek a stay in lieu of filing a response. Indeed, Doe cites no authority to support short-circuiting the motion to dissolve with a stay. *See* Stay Brief, D.40. And for this Court to do so would effectively deny Director Rausch's motion. *See Jewell v. Davies*, 192 F.2d 670, 673 (6th Cir. 1951)*; cf. Sterling Hotels, LLC v. McKay*, 71 F.4th 463, 466 (6th Cir. 2023) (holding that "a refusal to address qualified immunity is equivalent to a denial").

## II. No one knows when, or how, the *Does #1–9* case will end.

Doe's next mistake stems from his continued interest in the *Does #1–9* case, specifically the remand proceedings. *See* Remand Order, No. 3:21-cv-590 (M.D. Tenn.), D.151 (filed Aug. 28, 2024). Doe claims "Judge Trauger's findings based on the evidence, will likely be relevant to this Court's determination in this case." Stay Brief, D.40 at 288. But Doe overstates the relevance of Judge Trauger's determination, as well as *Does #1–9*'s continued relevance to this action.

The Court's previous order staying this case recognized that the Sixth's Circuit's ruling in *Does #1–9* "may impact this case." Order, D.30 at 239. But that was because the Sixth Circuit's ruling on appeal had the potential to either bolster or abrogate many district court decisions. *Id.*; *see Transmatic, Inc. v. Gulton Indus., Inc.*, 601 F.2d 904, 913 n.22 (6th Cir. 1979); *see also Hardaway v. Lee*, No. 3:22-cv-395, 2023 WL 2749369, at *4 (M.D. Tenn. Mar. 31, 2023) (noting this Court's obligation to follow Sixth Circuit precedent). As it turns out, the Sixth Circuit *did* abrogate those decisions in the *Does #1–9* appeal. *See* Dissolution Brief, D.42.

The anticipated "impact" of the Sixth Circuit's decision in *Does #1–9* has thus already occurred. Order, D.30. It warrants dissolution of preliminary relief. *See* Dissolution Brief, D.42. It will warrant dismissal unless Doe massively changes course. *See* Dissolution Brief, D.42. And although Doe could change course through a voluntary dismissal while he awaits further

developments in the law, that would forfeit Doe's preliminary injunction, *see U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010), which likely explains his reluctance to do so.

Still, that path makes more sense than Doe's request to keep his case on pause while *Does #1–9* goes through the district court and potentially on appeal a second time. Stay Motion, D.40 at 289. *Does #1–9* no longer promises any imminent resolution of *this* case's live legal issues.

Indeed, Doe's lawsuit only duplicates *Does #1–9* in a way that justifies dismissal; it does not duplicate *Does #1–9* in a way that would justify delay. *See* Dissolution Brief, D.42. When Courts raise the issue of "duplicat[ion]" as a basis for staying a suit, they mean that two separate lawsuits have "'nearly identical parties and issues.'" *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir.2007)). But this case concerns "Doe 13," who is his own person and not a party in *Does #1–9*. So, while the outcome of this case *might* depend on future developments in *Ex Post Facto* Clause jurisprudence, that provides no basis to privilege *Does #1–9* as the only litigation that can proceed in this area. The normal course of litigation requires courts to address pertinent developments in binding law as they occur. *See, e.g.*, *D.H. ex rel. A.H. v. Williamson Cnty. Bd. of Educ.*, No. 3:22-cv-570, 2024 WL 4046581, at *3–5 (M.D. Tenn. Sept. 2, 2024). But Judge Trauger's determination in *Does #1–9* regarding a provision-by-provision analysis would not be binding on this court and would not involve the same facts or evidence.

Moreover, this Court should not expect *Does #1–9* to conclude any time soon. The Sixth Circuit remanded that case to the district court to determine what Director Rausch might be prohibited from doing, while explicitly leaving open the possibility that the right answer may well be "nothing." *See Does II*, 102 F.4th at 341. So far, the remand proceedings have entailed little

more than a *sua sponte* order and a briefing schedule, *see* Remand Order, No. 3:21-cv-590 (M.D. Tenn.), D.151 at 2830–39, and that order has already introduced an appealable legal error by inventing a new basis for summary judgment, *see id.* at 2834. Indeed, the new theory of "causation" liability the *Does #1–9* court has raised on its own comes with (1) no basis in the plaintiffs' pleadings, (2) no evidentiary support in the record, (3) no foundation in or reference to governing precedent, and (4) no explanatory argument to justify it. *See id.* at 2834. This Court can thus expect the *Does #1–9* remand will likely result in another appeal, which will likely challenge both the *sua sponte* liability decision as well as any expansive mandatory injunction the *Does #1–9* district court may choose to enter. Stay Brief, D.40.

No one can know if or when that appeal will happen, how quickly it will be briefed, how quickly the Sixth Circuit will decide it, or what the Sixth Circuit will say. The prior appeal took seventeen months from the notice of appeal to issuance of the mandate. *See* Notice of Appeal, No. 3:21-cv-590 (M.D. Tenn.), D.138 at 2827–28 (filed March 24, 2023); Mandate, No. 23-5248, D.52 (filed Aug. 21, 2024).

And the Sixth Circuit only applied *Snyder* to reject the district court's "incorrect" reading of *Snyder*. *Does II*, 102 F.4th at 338. *Snyder* did not "prohibit[] enforcement of [regulatory] provisions previously blessed by both the Supreme Court and th[e Sixth C]icuit." *Id.* "[T]he Supreme Court allows states to impose and enforce regulatory regimes which require sexual offenders to register with the state and supply pertinent personal information, which is then made available to the public, often widely so." *Id.* at 338–39. And *Snyder* did not abrogate *Cutshall v. Sundquist*, 193 F.3d 466 (6th Cir. 1999), or *Doe v. Bredesen*, 507 F.3d 998, 1003 (6th Cir. 2007). *See Doe II*, 102 F.4th at 339; *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001). The Sixth Circuit thus clarified that "*Snyder* placed *some* limits on what [S]tates could impose," but it

4

carefully avoided any holding that any of those "limits" applied to Director Rausch. *Id.* at 341–42.

In so doing, the Sixth Circuit sidestepped Director Rausch's several arguments for "distinguish[ing] *Snyder*," leaving those arguments (and any others) to be addressed in a subsequent appeal. Reply Brief, No. 23-5248, D.30 at 31.[2] Indeed, Director Rausch argued before the Sixth Circuit that accepting *Snyder* as circuit precedent does not compel invalidation of *any* Tennessee law, *see* Opening Brief, No. 23-5248, D.17 at 46–51, principally because *Snyder* is silent on several key issues, *see* Reply Brief, No. 23-5248, D.30 at 30–31. For one, the parties in *Snyder* did not "[]dispute[]" retroactivity, *see* 834 F.3d at 698, but Director Rausch argued that Tennessee law is not retroactive, *see* Opening Brief, No. 23-5248, D.17 at 39, 44, 46. For another, the parties in *Snyder* did not dispute the Sixth Circuit's use of post-enactment recidivism evidence, *see* 834 F.3d at 704–05, but Director Rausch argued that to do so is improper, *see* Opening Brief, No. 23-5248, D.17 at 49–51. And finally, the court in *Snyder* did not express any intent to create a circuit split, *see* 834 F.3d at 705, so Director Rausch argued *Snyder* is best read in harmony with sister-circuit precedent, *see* Opening Brief, No. 23-5248, D.17 at 48. But the Sixth Circuit did not mention—much less rebut—any of those arguments, because it did not actually apply *Snyder* to invalidate any Tennessee law. *See* 102 F.4th at 341–42.

Instead, the appeals court avoided all of those issues by giving the plaintiffs a mulligan: a limited "remand" to "determine[e]" whether *Snyder* actually reaches "any" of Director Rausch's powers. *Does II*, 102 F.4th at 342. If it does, the Sixth Circuit will have to address whether *Snyder* invalidates any Tennessee law, and in so doing it will have to address Director Rausch's several arguments to the contrary. But with the remand proceedings already appearing to have strayed

---

[2] Pincites to Sixth Circuit filings use each document's native pagination.

from that narrow mandate, *see supra* at 4–5, the road ahead for the plaintiffs in *Does #1–9* is still long. There is no telling where it will lead, or how many months it might take to get there. And the Judge Trauger's limited determinations would not be binding on this court.

### III. The proper considerations do not support a stay.

If the Court properly sticks to judicial economy as the north star in its analysis, *see Int'l Bhd. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys.*, 879 F.2d 864, 1989 WL 78212, at *8 (6th Cir. 1989) (Table), the Court should conclude that the relevant considerations do not justify further delay. *First*, to the extent he seeks to copy the *Does #1–9* litigation, his lawsuit already stands on its last legs. *See* Dissolution Brief, D.42. *Second*, Doe can only seek relief for himself. *See L.W. ex rel. Williams v. Skrmetti*, 83 F.4th 460, 490 (6th Cir. 2023), *cert. granted sub nom. United States v. Skrmetti*, 144 S. Ct. 2679 (2024) (mem) (citing *Kentucky v. Biden*, 57 F.4th 545, 556 (6th Cir. 2023)). Because Doe has only filed *this* lawsuit, *this* lawsuit alone will determine his rights against the parties he sues. There is thus no threat of inconsistency with any suit brought by "a different [plaintiff]." *AT&T*, 1989 WL 78212, at *9. *Third*, even if there were a threat of inconsistency, that threat would be relatively small. The Sixth Circuit can choose among conflicting legal conclusions from the district courts. *See Green Genie, Inc. v. City of Detroit*, 63 F.4th 521, 527 (6th Cir. 2023); *United States v. Zheng*, 87 F.4th 336, 344 (6th Cir. 2023); *Transmatic*, 601 F.2d at 913 n.22. And district court decisions do not constitute precedent regardless. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). *Finally*, although this Court would likely have good reason "to stay *discovery* until [potentially dispositive] preliminary questions . . . are determined" *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (emphasis added), Doe has given this Court no reason to expect that those questions will cut in his favor. Indeed, the only pressing question now before the Court is whether to extend the preliminary relief Doe currently

enjoys. *See* Dissolution Brief, D.42. The Court should answer that question "no" before it considers Doe's stay-or-expand ultimatum.

## CONCLUSION

For the foregoing reasons, the Court should deny the motion for stay.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Elizabeth Evan*
ELIZABETH EVAN (37770)
Assistant Attorney General
Criminal Appeals Division

DAVID WICKENHEISER (40427)
Assistant Attorney General
Law Enforcement and Special
Prosecutions Division

Office of the Tennessee
Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 532-1600
Liz.Evan@ag.tn.gov
David.Wickenheiser@ag.tn.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been filed via the Court's electronic filing system and served via certified mail to the individual listed below this 9th day of October, 2024.

W. Justin Adams (22433)
SPENCER FANE LLP
511 Union Street, Suite 1000

Nashville, Tennessee 37219
Telephone: 615-238-6300
wjadams@spencerfane.com
*Counsel for Plaintiff*

/s/ *Elizabeth Evan*
ELIZABETH EVAN
Assistant Attorney General